BLANK ROME LLP
Caroline Powell Donelan (SBN 268762)
cdonelan@blankrome.com
Caitlin I. Sanders (SBN 294143)
csanders@blankrome.com
2029 Century Park East | 6th Floor
Los Angeles, CA 90067
Telephone:  424.239.3400
Facsimile:   424.239.3434

Leigh Ann Buziak (SBN 02303) – *Pro Hac Vice Forthcoming*
lbuziak@blankrome.com
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Telephone:  215.569.5500
Facsimile:   215.569.5555

Attorneys for Plaintiffs
UMRO REALTY CORP., DBA THE AGENCY, AND RAINY HAKE AUSTIN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| UMRO REALTY CORP., a California Corporation, dba THE AGENCY; RAINY HAKE AUSTIN, an individual,<br><br>                    Plaintiff,<br><br>        vs.<br><br>COMPASS, INC., a New York Corporation, dba COMPASS; and DOES 1-5,<br><br>                    Defendants. | Case No. 2:21-cv-3293<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs UMRO REALTY CORP., DBA THE AGENCY ("The Agency") and RAINY HAKE AUSTIN ("Ms. Austin") (collectively, "Plaintiffs") hereby file this Complaint for Declaratory and Injunctive Relief against Defendant COMPASS, INC., DBA COMPASS ("Compass" or "Defendant"), and in support thereof avers as follows:

<u>**NATURE OF THE ACTION**</u>

1.    California Labor Code § 925 permits employees who primarily live and work in California to void provisions in employment agreements signed on or after January 1, 2017 that purport to require California employees to litigate cases outside of California under another State's law, unless they are in fact individually represented by counsel in the negotiation of such a provision.

2.    This case involves a situation in which Compass presented Ms. Austin, who primarily lived and worked for Compass in California, with such a provision in her "Employee Proprietary Information and Inventions Agreement" ("Employment Agreement"). The signing of the Employment Agreement was a condition of Ms. Austin's employment with Compass. A true and correct copy of the Employment Agreement is attached hereto as **Exhibit A**.

3.    Ms. Austin has provided notice to Compass that she has exercised her right to void Section 7 of the Employment Agreement to the extent it purports to require Ms. Austin to litigate disputes outside of California and under another State's law. A true and correct copy of Ms. Austin's notice to Compass is attached hereto as **Exhibit B.**

4.    By statutory right, if an employee elects to exercise her right to void such a provision, "the matter shall be adjudicated in California and California law shall govern the dispute." Cal. Labor Code § 925(b). In addition, the statute explicitly provides for "injunctive relief and any other remedies available" in addition to reasonable attorney's fees for "enforcing his or her rights under this section." *Id.* § 925(c).

5.      Here, as described at greater length below, Ms. Austin has met all of the requirements of California Labor Code § 925 and is entitled to injunctive relief and her reasonable attorney's fees for enforcing her rights under this statute.

6.      In addition, Compass has threatened to enforce Section 4(c) of the Employment Agreement, which purports to restrict Ms. Austin's employment with her new employer, The Agency, by restricting her ability to hire Compass employees, provisions that are presently void and unenforceable under California law. See, Cal. Bus. & Prof. Code § 16600; *AMN Healthcare, Inc. v. Aya Healthcare Services, Inc.*, 28 Cal. App. 5th (2018).

7.      As a result, declaratory and injunctive relief is necessary to prevent Compass from enforcing the void and unenforceable provisions in the Employment Agreement, and to award Ms. Austin her reasonable attorney's fees for exercising her rights under California Labor Code § 925.

## PARTIES

8.      Plaintiff Rainy Hake Austin is a citizen of the State of California and resides in Santa Cruz, California. At all relevant times, Ms. Austin has resided in California and worked for Compass in California.

9.      Plaintiff UMRO Realty Corp. is a California corporation doing business as The Agency with its principal place of business in Beverly Hills, California.

10.     Defendant Compass, Inc., dba Compass (fka Urban Compass, Inc.) is a Delaware corporation with its principal place of business in New York.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

12.     The parties are diverse in citizenship. Ms. Austin and The Agency are citizens of California, while Compass is a citizen of Delaware and New York.

13.     The amount in controversy exceeds $75,000, exclusive of interest and costs. The value of the injunction exceeds $75,000. Ms. Austin's salary and earning

capacity, as well as the disruption to The Agency's business, exceeds more than $75,000. Ms. Austin's attorneys' fees, which are recoverable under California law, would exceed $75,000 if Compass were to seek to enforce the Employment Agreement as threatened.

14.   This court has personal jurisdiction over Compass because it is, as was all times mentioned in this Complaint, doing business in the State of California in the County of Los Angeles, including business relating to the claims asserted.

15.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Compass is a corporation incorporated under the laws of the State of Delaware, and is, was at all times mentioned in this Complaint, doing business in the State of California, maintaining an office in Beverly Hills, California in the County of Los Angeles. Thus, this action is properly assigned to this Court's Central Division.

## GENERAL ALLEGATIONS

16.   In or about August 2020, Ms. Austin was offered a position with Compass as its Head of Operations West, responsible for Compass' business in Northern California.

17.   As a condition of her employment with Compass, Ms. Austin was required to sign an Employee Proprietary Information and Inventions Agreement ("Employment Agreement"), which contained an employee non-solicitation provision. A copy of the Non-Compete Agreement is attached hereto as **Exhibit A**.

18.   Ms. Austin was not represented by counsel in connection with negotiating or executing the Employment Agreement, which she signed on March 25, 2019.

19.   The introductory paragraph of the Employment Agreement states, in relevant part:

> The following agreement (the "Agreement") between Urban Compass, Inc. d/b/a Compass (the "Company"), and the individual identified on the signature page to this Agreement ("I" or "you") is effective as of the first day of your employment by the Company and confirms and

memorializes the agreement that (regardless of the execution date hereof) the Company and I have had since the commencement of my employment…. **I acknowledge that this Agreement is a material part of the consideration for my employment or continued employment by the Company**. In exchange for the foregoing and for other good and valuable consideration, including my access to and use of the Company's Inventions…and Proprietary Information…for performance of my employment, training and/or receipt of certain other valuable consideration, the parties agree as follows:

(Emphasis added).

20.    Section 4.c of the Employment Agreement, entitled "<u>As an Employee and Afterwards</u>", purports to restrict Ms. Austin, for a *minimum* of one year after the termination of her employment with Compass, from:

directly or indirectly, either alone or in association with others: (A) solicit, induce, or attempt to induce, any employee or independent contractor of Company to cease or reduce their services (as an employee or otherwise) to the Company…; or (B) **hire or recruit, or engage or attempt to hire, recruit, or engage as an independent contractor or an employee, any person who was employed or otherwise engaged by Company at any time during the term of my employment with Company**; provided, that the immediately preceding clause 4(c)(B) shall not apply to the recruitment or hiring or other engagement of any individual whose employment or other engagement with Company has been terminated for a period of six (6) months or longer. **If I violate the provisions of this Section 4, I shall continue to be bound by the restrictions set forth herein until one (1) year has expired without any violation of this Section**.

Ex. A at § 4.c (emphasis added).

21.    These provisions are void as improper restraints on trade under California law. See, Cal. Bus. & Prof. Code § 16600; *AMN Healthcare, Inc. v. Aya Healthcare Services, Inc.*, 28 Cal. App. 5th (2018).

22.    Section 7 of the Employment Agreement states:

Any dispute in the meaning, effect or validity of this Agreement shall be resolved in accordance with the **laws of the State of New York** without regard to the conflict of laws provisions thereof and **any legal action or proceeding relating to this Agreement shall be brought exclusively in such State**. Each party consents to the jurisdiction thereof; however the Company may seek injunctive relief and specific performance in any court of competent jurisdiction.

Ex. A at § 7. (emphasis added).

23.    Compass knew that the Employment Agreement would be performed in California because Ms. Austin resided and worked in California throughout her employment with Compass, including at the time she signed the Employment Agreement.

24.    Upon information and belief, Compass also knew that Ms. Austin was not represented by legal counsel in connection with negotiating the Employment Agreement and was thus aware that the New York choice of law and exclusive jurisdiction provisions would deprive Ms. Austin of the protections of California law and jurisdiction. Nevertheless, Compass endeavored to circumvent California law by presenting the unlawful Employment Agreement to Ms. Austin as a term and condition of employment.

25.    In or about November 2020, Ms. Austin resigned from her position at Compass and accepted a position with The Agency as its President, where her duties and responsibilities include, among many other things, responsibility for recruiting and hiring agents and employees to join The Agency.

26.    On March 16, 2021 and March 22, 2021, Compass emailed Ms. Austin to remind her of her purported obligations under the Employment Agreement and cautioned her not to "solicit or attempt to solicit any employees or agents, or have others [solicit or attempt to solicit] on [her] behalf." Copies of the referenced emails are attached hereto as **Exhibit C**.

27.    On March 24, 2021, Ms. Austin responded that because she was a California resident when she signed the Employment Agreement, California law applied and that "post-employment employee non-solicitation agreements are unlawful [under California law] – and were unlawful at the time [she] was required to sign the [Employment Agreement] in 2019." A copy of Ms. Austin's response email is attached hereto as **Exhibit D**.

28.    On March 29, 2021, Compass sent Ms. Austin and The Agency a further

cease and desist letter, warning them that it intended to enforce the non-solicitation provisions of the Employment Agreement and would "take whatever steps necessary to enforce its agreements and protect its interests." A copy of the March 29, 2021 cease and desist letter is attached hereto as **Exhibit E**.

29. In response to Compass' threats, on April 16, 2021, Ms. Austin informed Compass of her intent to void the relevant provisions of the Employment Agreement, including the New York choice of law and venue provisions in Section 7 and the unenforceable non-solicitation provisions in Section 4.c. A copy of the April 16, 2021 notice is attached hereto as **Exhibit B**.

30. Compass' statement that it "will take whatever necessary steps" to enforce the Employment Agreement against both Ms. Austin and The Agency, in contravention of California Labor Code § 925, has left Plaintiffs with no choice but to seek declaratory and injunctive relief from this Court.

**FIRST CLAIM FOR RELIEF**

**DECLARATORY JUDGMENT ACT**

(Declaratory Relief Under 28 U.S.C. §§ 2201, 2202, Fed. R. Civ. P. 57)

31. Plaintiffs hereby incorporate by reference and re-allege each of the foregoing allegations.

32. An actual, present, and justiciable controversy has arisen and now exists between Plaintiffs and Compass concerning the choice of law, exclusive jurisdiction, and non-solicitation provisions of the Employment Agreement. See, 28 U.S.C. §§ 2201, et seq.

33. California Labor Code § 925(a) states that "[a]n employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would do either of the following: (1) Require the employee to adjudicate outside of California a claim arising in California. [or] (2) Deprive the employee of the substantive protection of California law with respect to a controversy arising in California." Section 925 further states that "[a]ny provision of a

contract that violates subdivision (a) is voidable by the employee, and if a provision is rendered void at the request of the employee, the matter shall be adjudicated in California and California law shall govern the dispute." Cal. Lab. Code § 925(b).

34. Ms. Austin is a citizen of California who lived and worked in California for Compass and was required to execute the Employment Agreement as a condition of her employment. Ms. Austin was not represented by counsel in connection with the negotiation of the Employment Agreement, which she signed on March 25, 2019.

35. The Employment Agreement purports to require Ms. Austin to consent to the laws and exclusive jurisdiction of the State of New York. See, Ex. A at § 7.

36. Ms. Austin voided Section 7 of the Employment Agreement on April 16, 2021. See, Ex. D.

37. As a result, pursuant to California Labor Code § 925, "the matter shall be adjudicated in California and California law shall govern the dispute." Cal. Lab. Code § 925(b).

38. The application of California law also renders the non-solicitation provisions contained in Section 4.c of the Employment Agreement void and unenforceable under California Business and Professions Code § 16600; *AMN Healthcare, Inc. v. Aya Healthcare Services, Inc.*, 28 Cal. App. 5th (2018).

39. Unless Ms. Austin and The Agency obtain a declaration from this Court that California is the proper forum and California law governs this dispute, it is likely that Compass will deliver on its threats to enforce these void provisions against Ms. Austin through litigation in New York.

40. A judicial declaration and judgment are necessary and appropriate at this time, and under the present circumstances, so that Ms. Austin and The Agency may ascertain her rights, duties and future obligations under the Employment Agreement, and so that The Agency can avoid interfering with such rights, duties, and future obligations, if there are any, in the course and scope of Ms. Austin's employment at The Agency.

41.   Plaintiffs seek a judicial declaration and judgment from the Court as specified in the prayer.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF CALIFORNIA LABOR CODE § 925

(Contracts Against Pubic Policy, California Labor Code § 925)

42.   Plaintiffs hereby incorporate by reference and re-allege each of the foregoing allegations.

43.   California Labor Code § 925(a) states that "[a]n employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would do either of the following: (1) Require the employee to adjudicate outside of California a claim arising in California. [or] (2) Deprive the employee of the substantive protection of California law with respect to a controversy arising in California."

44.   Ms. Austin is a citizen of California who lived and worked exclusively for Compass in California and was required to execute the Employment Agreement as a condition of her employment. Ms. Austin was not represented by counsel in the negotiation of the Non-Compete Agreement.

45.   Section 7 of the Employment Agreement states that "[a]ny dispute in the meaning, effect or validity of this Agreement shall be resolved in accordance with the **laws of the State of New York**…and **any legal action or proceeding relating to this Agreement shall be brought exclusively in such State**." See, Ex. A at § 7. (emphasis added).

46.   The Employment Agreement therefore purports to require Ms. Austin to adjudicate outside of California a claim arising in California and to deprive Ms. Austin of the substantive protection of California law with respect to a controversy arising in California in violation of California Labor Code § 925.

47.   California Labor Code § 925(b) states that "[a]ny provision of a contract that violates subdivision (a) is voidable by the employee, and if a provision is

10
**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

rendered void at the request of the employee, the matter shall be adjudicated in California and California law shall govern the dispute."

48.     On April 16, 2021, Ms. Austin voided Section 7 of the Employment Agreement. See, Ex. B. Therefore, this dispute "shall be adjudicated in California" under California law. Cal. Lab. Code § 925(b).

49.     Section 925(c) further states that "[i]n addition injunctive relief and any other remedies available, a court may award an employee who is enforcing his or her rights under this section reasonable attorney's fees."

50.     Ms. Austin seeks injunctive relief to enjoin Compass from enforcing the voided choice of law and exclusive jurisdiction provisions of the Non-Compete Agreement as well as her reasonable attorney's fees as authorized by that statute.

## THIRD CLAIM FOR RELIEF

## VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200

(Unfair Business Practices Under California Business & Professions Code § 17200)

51.     Plaintiffs hereby incorporate by reference and re-allege each of the foregoing allegations.

52.     California Business and Professions Code § 17200 prohibits unfair business practices by employers, including but not limited to, employment contracts that violate Business and Professions Code § 16600.

53.     California Business and Professions Code § 16600 states: "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." Employee non-competition and non-solicitation agreements have consistently been invalidated under Section 16600 as unreasonable restraints on trade and against public policy.

54.     Section 4.c of the Non-Compete Agreement states, in relevant part:

> [D]uring my employment with the Company and for a period of one (1) year after the termination of such employment…, I will not…: (A) solicit, induce, or attempt to induce, any employee or independent contractor of Company to cease or reduce their services (as an employee

or otherwise) to the Company…; or (B) **hire or recruit, or engage or attempt to hire, recruit, or engage as an independent contractor or an employee, any person who was employed or otherwise engaged by Company at any time during the term of my employment with Company**; provided, that the immediately preceding clause 4(c)(B) shall not apply to the recruitment or hiring or other engagement of any individual whose employment or other engagement with Company has been terminated for a period of six (6) months or longer….

Ex. A at § 4.c (emphasis added).

55.    Compass' attempt to enforce Section 4.c of the Non-Compete Agreement, which is unenforceable under California Business & Professions Code § 16600, constitutes an unfair and unlawful business practice in violation of California Business and Professions Code § 17200.

56.    Ms. Austin and The Agency have suffered an injury in fact as a result of Compass' unfair and unlawful conduct. Ms. Austin and The Agency have been required to expend time, money and resources to address and prevent Compass' use and attempted enforcement of void provisions against both Ms. Austin and The Agency and to prevent Compass from interfering with Ms. Austin's right to work in her chosen profession and to move between employers within the California marketplace.

57.    Compass' conduct constitutes an unfair and unlawful business practice in violation of Business and Professions Code § 17200 and must be restrained.

58.    As such, Plaintiffs seek a determination that the non-solicitation provisions in Section 4.c of the Employment Agreement are void and unenforceable under California Business and Professions Code § 16600. Plaintiffs also seek preliminary and/or permanent injunctive relief prohibiting Compass from any further attempts to enforce section 4.c of the Compass Non-Competition Agreement, as well as her reasonable attorney's fees as authorized by statute.

## **PRAYER**

WHEREFORE, Plaintiffs UMRO REALTY CORP., DBA THE AGENCY, and RAINY HAKE AUSTIN pray for the following judgment against Defendant

COMPASS, INC., DBA COMPASS, as follows:

1.    A judicial declaration and judgment that the choice of law and exclusive jurisdiction provisions in Section 7 of the Employee Proprietary Information and Inventions Agreement, signed by Ms. Austin on March 25, 2019, are void under California Labor Code § 925, and that any  that claim arising out of the Non-Compete Agreement "shall be adjudicated in California and California law shall govern the dispute";

2.    A judicial declaration and judgment that the non-solicitation provisions in Section 4.c of the Employee Proprietary Information and Inventions Agreement, signed by Ms. Austin on March 25, 2019, are void and unenforceable under California Business & Professions Code § 16600;

3.    A judicial declaration and judgment that the non-solicitation provisions in Section 4.c of the Employee Proprietary Information and Inventions Agreement, signed by Ms. Austin on March 25, 2019, constitute an unlawful and unfair business practice in violation of California Business & Professions Code § 17200;

4.    Preliminary and permanent injunctive relief;

5.    Restitution in an amount to be proven at trial;

6.    Costs of suit incurred herein;

7.    Reasonable attorneys' fees as authorized by California Labor Code § 925 and Business and Professions Code § 17200, et seq., in excess of $100,000; and

8.    For such other and further relief as this Court deems just and proper.

DATED:  April 16, 2021          BLANK ROME LLP


                                By: */s/ Caroline Powell Donelan*
                                    Caroline Powell Donelan
                                    Caitlin I. Sanders
                                    Attorneys for Plaintiffs
                                    UMRO REALTY CORP., DBA THE
                                    AGENCY, AND RAINY HAKE AUSTIN

13

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**