1  SHEPPARD MULLIN RICHTER & HAMPTON LLP
   JENNIFER G. REDMOND, Cal. Bar No. 144790
2  jredmond@sheppardmullin.com
   BENJAMIN O. AIGBOBOH, Cal. Bar No. 268531
3  baigboboh@sheppardmullin.com
   Four Embarcadero Center, 17th Floor
4  San Francisco, California 94111
   Telephone:  415.434.9100
5  Facsimile:   415.434.3947

6  SHEPPARD MULLIN RICHTER & HAMPTON LLP
   JAMES V. FAZIO, Cal. Bar No. 183353
7  jfazio@sheppardmullin.com
   12275 El Camino Real, Suite 100
8  San Diego, California 92130
   Telephone:  858.720.8900
9  Facsimile:   858.509.3691

10 *Attorneys for Defendant*
   COMPASS, INC.

11            **UNITED STATES DISTRICT COURT**

12      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

13

14 | UMRO REALTY CORP., a California | Case No. 2:21-cv-03293-GW-JEM |

   UMRO REALTY CORP., a California
   Corporation, dba THE AGENCY;
15 RAINY HAKE AUSTIN, an individual,

16              Plaintiffs,

17        v.

18 COMPASS, INC., a New York
   Corporation, dba COMPASS; and
19 DOES 1-5,

20              Defendants.

Case No. 2:21-cv-03293-GW-JEM

*Assigned to the Hon. George H. Wu*

**DEFENDANT COMPASS, INC.'S
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT
MOTION TO STAY**

[*Notice of Motion and Motion*, and
*[Proposed] Order submitted
concurrently herewith*]

**Hearing**
Date:     August 30, 2021
Time:     8:30 a.m.
Judge:    Hon. George H. Wu
Ctrm.:    9D

Complaint Filed:     April 16, 2021

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Defendant Compass, Inc.'s ("Compass") *Motion to Dismiss or Transfer* ("*Transfer Motion*") presents the following question:  whether California Labor Code section 925 ("Section 925") establishes the strong state public policy necessary to satisfy the United State Supreme Court's mandate that forum selection clauses, which are *prima facie* valid, be disregarded only in the most exceptional and unusual cases. This question – which several district courts have answered in the affirmative– is the subject of a *Petition for Writ of Mandamus* pending before the Ninth Circuit (on appeal from one of the aforementioned district court decisions).  Appellate briefing is closed, and the hearing on the writ petition is set for September 2020.  As the Court recognized at the July 19, 2021 hearing on Compass's *Transfer Motion*, a decision on the "motion [to] transfer…is a major step in the litigation" because it will determine where this matter will be resolved.  Given that unquestionable importance of the transfer determination to this action – and the fact that the question at the center of is the subject of an appeal currently pending before the Ninth Circuit – Compass respectfully requests, pursuant to the Court's invitation at the July 19, 2021 hearing, that the Court stay this action (including decision on the *Transfer Motion*) pending a determination of the writ petition by the Ninth Circuit.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

On April 16, 2021, Plaintiffs Rainy Hake Austin and Umro Realty Corp. ("Plaintiffs"), Compass's former employee and her current employer, filed the *Complaint* seeking, *inter alia*, a declaration from this Court that the mandatory New York venue provision in Plaintiff Rainy Hake Austin's agreement with Compass is void under Section 925.  Dkt. 1.

On June 15, 2021, Compass filed the *Transfer Motion* based on the mandatory venue provision and, *inter alia*, the Supreme Court's decisions in *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49 (2013) and

1   *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988). Dkt. 19; Dkt. 19-1.

2   After acknowledging certain district court decisions that Compass argued were

3   wrongly decided under Section 925 – including *Yeomans v. World Fin. Group Ins.*

4   *Agency, Inc.*, No. 19-cv-00792-EMC, 2019 WL 5789273 (N.D. Cal. Nov. 6, 2019) –

5   Compass noted that:

> The Ninth Circuit – likely recognizing it has not addressed the interplay
> of *Stewart* and *Atlantic Marine* with statutes like [Section] 925 – recently
> issued a rare acceptance of a petition for writ of mandamus to address
> the following question in *Yeomans*:
>
>> Did the District Court err by ignoring United States
>> Supreme Court authority in *Stewart*, 487 U.S. 22, which
>> holds federal law governs any decision to enforce a forum
>> selection clause, and *Atlantic Marine*, 134 S.Ct 568, which
>> provides "a district court should transfer the case unless
>> extraordinary circumstances unrelated to the convenience
>> of the parties clearly disfavor a transfer?"

13   Dkt. 19-1 at 13:13-14:18 (quoting *Petition for Writ of Mandamus* ("*Writ Petition*"),

14   *In re World Financial Group Insurance Agency, Inc.*, No. 20-73758 (9th Cir. Dec. 22,

15   2020), ECF No. 1-3).

16      Plaintiffs filed an opposition to the *Transfer Motion* on June 28, 2021, relying,

17   in part, on the district court's decision in *Yeomans* (and similar district court

18   decisions). Dkt. 21 at 12:5-24. Compass filed a reply on June 28, 2021, arguing that

19   Plaintiffs' district court authority:

> is non-binding and, given the Supreme Court's decisions in *Stewart* and
> *Atlantic Marine*, incorrectly decided…. One of those district court
> decisions – *Yeomans* – is the subject of a pending writ seeking
> determination of the precise issue here…. The *Opposition* ignores that
> the Ninth Circuit has accepted the writ in *Yeoman[s]* because the correct
> application of *Stewart* and *Atlantic Marine*…leads to one conclusion –
> [S]ection 925 does not establish the type of strong public policy
> necessary to prove up a rare and exceptional case in which the strong
> federal policy in favor of forum selection clauses is disregarded.

25   Dkt. 22 at 6:20-28 (internal citations omitted).

26      The Court held a hearing on the *Transfer Motion* on July 19, 2021. Dkt. 26;

27   Dkt. 30. During oral argument, the Court authorized Compass to file a formal motion

28   to stay the action pending the determination of the *Writ Petition* in *Yeomans* – a writ

1  petition Plaintiffs do not dispute potentially presents the issue at subject in the

2  *Transfer Motion*.  Dkt. 30 at 3:14-10:8.

3  ### III.   LEGAL STANDARD

4  It is well-settled that a federal district court, as part of its inherent authority to

5  control its docket, has the power to stay proceedings.  As the Ninth Circuit has stated:

6  > [a] trial court may, with propriety, find it is efficient for its own docket
7  > and the fairest course for the parties to enter a stay of an action before it,
>  pending resolution of independent proceedings which bear upon the
8  > case.  This rule applies whether the separate proceedings are judicial,
>  administrative, or arbitral in character, and does not require that the
9  > issues in such proceedings are necessarily controlling of the action
>  before the court…. In such cases the court may order a stay of the action
10 > pursuant to its power to control its docket and calendar and to provide
>  for a just determination of the cases pending before it.

11 *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979); *see*

12 *also* Dkt. 30 at 7:10-12 (noting that Plaintiffs "believe it's within the Court's

13 discretion to stay the decision" on the *Transfer Motion*).  "In considering whether to

14 enter a stay, courts have broad discretion to decide whether a stay is appropriate to

15 promote economy of time and effort of itself, counsel, and the litigants."  *Casas v.*

16 *Victoria's Secret Stores, LLC*, No. CV 14-6412-GW(VBKx), 2015 U.S. Dist. LEXIS

17 190394, at *11 (C.D. Cal. Apr. 9, 2015) (Wu, J.).

18 ### IV.   ARGUMENT

19 **A.   The Court Should Exercise Its Inherent Authority To Stay Proceedings**

20 **Pending Determination Of The *Writ Petition* in *Yeomans***

21 Compass's *Transfer Motion* raises the following key question:   Whether

22 Section 925 – a statute that makes a forum selection clause voidable only where, *inter*

23 *alia*, an employee not represented by counsel primarily resides and works in

24 California – is sufficient to demonstrate the type of strong public policy necessary to

25 overcome the well-established and robust federal policy (set forth in *Stewart* and

26 *Atlantic Marine*) in favor of enforcing forum selection clauses.  Compass argues –

27 based on *Stewart* and *Atlantic Marine* (among other authority) – that Section 925 does

28 not establish the type of strong public policy necessary to find this to be the rare and

exceptional case in which the strong federal policy in favor of forum selection clauses is disregarded.  Plaintiffs argue it does, citing numerous district courts decisions that belie the Supreme Court's instruction that such relief be rare and unusual.  The Ninth Circuit has not yet answered this question, but is poised to do so pursuant to the pending *Writ Petition* in *Yeomans*.

In *Yeomans*, the district court denied defendants' motion to transfer based on a forum selection clause after finding Section 925 "expresses a strong public policy" that overcomes the federal policy in favor of forum selection clauses set forth in *Atlantic Marine*.  *Yeomans*, 2019 WL 5789273, at \*\*2-3; *see also* Dkt. 21 at 12:17-21.  The *Yeomans* defendants then filed the *Writ Petition*.  The *Writ Petition* seeks the Ninth Circuit's review of two questions including whether the district court "err[ed] by ignoring United States Supreme Court authority in *Stewart*…, which holds federal law governs any decision to enforce a forum selection clause, and *Atlantic Marine*…, which provides "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer?" *Petition for Writ of Mandamus*, *In re World Financial Group Insurance Agency, Inc.*, No. 20-73758 (9th Cir. Dec. 22, 2020), ECF No. 1-3 at 3.[1]

The answer to this question – a question Plaintiffs do not dispute is identical to the one presented by the *Transfer Motion* (Dkt. 30 at  3:14-7:1) – should address whether and how the Supreme Court's *Stewart, Bremen,* and *Atlantic Marine* opinions affect the analysis of a transfer motion in the context of Section 925.  This determination – one of first impression for the Ninth Circuit – is likely to be dispositive of the key question presented by the *Transfer Motion*.  As the Court noted

---

[1]  The second question presented is "[d]id the [d]istrict [c]ourt err in ruling Section 925 applied to this dispute, when Section 925 only applies to forum selection provisions in an 'employment contract' and [p]laintiffs entered into independent contractor agreements with [p]etitioners?"  *Petition for Writ of Mandamus*, *In re World Financial Group Insurance Agency, Inc.*, No. 20-73758 (9th Cir. Dec. 22, 2020), ECF No. 1-3 at 3.

at the July 19, 2021 hearing, the determination of the *Transfer Motion* is a "major step in the litigation" and would represent a "significant decision" because it would set whether the "matter would be resolved in a foreign jurisdiction." Dkt. 30 at 8:17-25. A stay, therefore, is "appropriate because resolution of the issue may alter the direction of the current proceedings, and a stay would promote efficiency and economy of time for the Court and the litigants." *Casas*, 2015 U.S. Dist. LEXIS 190394, at *12.

The requested stay is unlikely to be prolonged. The Ninth Circuit accepted the entire *Writ Petition* on February 12, 2021. *Order*, *In re World Financial Group Insurance Agency, Inc.*, No. 20-73758 (9th Cir. Feb. 12, 2021), ECF No. 2. Briefing was complete on April 29, 2021. *Real Parties in Interest's Answer to Petition for Writ of Mandamus*, *In re World Financial Group Insurance Agency, Inc.*, No. 20-73758 (9th Cir. Mar. 26, 2021), ECF No. 8-1; *Reply Brief Re. Petition for Writ of Mandamus*, *In re World Financial Group Insurance Agency, Inc.*, No. 20-73758 (9th Cir. Apr. 29, 2021), ECF No. 12-1. The hearing on the *Writ Petition* is set for September 14, 2021 – mere weeks after the filing of this *Motion to Stay*. *Notice of Oral Argument*, No. 20-73758 (9th Cir. July 4, 2021), ECF No. 15.

Accordingly, the Court should exercise its discretion to stay this case pending the outcome of the writ petition in *Yeomans*. *See, e.g.*, *Casas*, 2015 U.S. Dist. LEXIS 190394, at *12 (exercising inherent authority to stay case pending interlocutory appeal); *Brown v. MHN Government Services, Inc*., No. 14-cv-1449, 2014 WL 2472094, at *3 (N.D. Cal. Jun. 3, 2014) (staying case pending the resolution of appeals in related cases because "the three cases involve the identical arbitration agreement, similar or overlapping claims, and similar or overlapping classes.").

## V.   <u>CONCLUSION</u>

For all the foregoing reasons, Compass respectfully requests that the Court grant the *Motion to Stay*.

1

2

3

4     Dated:  August 2, 2021.

5

6

7     SMRH:4844-0756-9138.1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Respectfully submitted*,

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By _____
              */s/ Jennifer G. Redmond*
              JENNIFER G. REDMOND

*Attorneys for Defendant*
COMPASS, INC.

MEMORANDUM IN SUPPORT OF MOTION TO STAY